IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JERRY GLENN COOPER, <br> TDCJ #336606, <br><br> Petitioner, <br><br> v. <br><br> RICK THALER, Director, <br> Texas Department of Criminal Justice - <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § § | CIVIL ACTION NO. H-11-0251 |

## MEMORANDUM AND ORDER

State inmate Jerry Glenn Cooper (TDCJ #336606) has filed a habeas corpus petition under 28 U.S.C.§ 2254, challenging the validity of his guilty plea and continued incarceration following the revocation of his supervised release. Cooper has included a memorandum of law in support of the petition. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

I.   BACKGROUND

Cooper is currently in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ") at the Duncan Unit. Cooper discloses that he was convicted pursuant to a guilty plea that he entered on May 24, 1982, to charges of aggravated rape and aggravated robbery in Harris County cause numbers 352004 and 352006. Cooper received a 45-year prison term in each case. On that same date,

Cooper also entered a guilty plea to aggravated kidnapping charges in Harris County cause number 352005. Cooper received a 20-year sentence in that case.

Court records reflect that Cooper was released on the form of parole known as mandatory supervision on July 7, 1997, under restrictive conditions of supervision applicable to sex offenders.[1] In particular, Cooper was required to register as a sex offender and give a blood specimen for DNA analysis pursuant to § 508.186(a) of the Texas Government Code. Cooper was also required to attend sex offender counseling and to pay fees associated with this therapy. On June 22, 1999, Cooper's parole was revoked after he was accused of sexually molesting his step-daughter. On federal habeas corpus review, Cooper argued that his parole was revoked without due process and that application of the above-referenced conditions of release violated the Ex Post Facto Clause. The district court denied those claims on the merits. *See Cooper v. Cockrell*, Civil No. H-01-1417 (S.D. Tex. March 9, 2002). Thereafter, the Fifth Circuit refused his request for a certificate of appealability.

---

[1] There are two ways in which a Texas inmate becomes eligible for early release from imprisonment. The first is by "parole" and the second is by "mandatory supervision" release. "Parole" means "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(6) (Vernon 2004). "Mandatory supervision" is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(5). Whereas parole is wholly discretionary, an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* at § 508.147(a); *Jackson v. Johnson*, 475 F.3d 261, 263, n.1 (5th Cir. 2007). Regardless of the distinction, once an inmate is released to mandatory supervision, he is considered to be on parole. *See Jackson*, 475 F.3d at 263, n.1 (citing TEX. GOV'T CODE § 508.147(b); *Coleman v. Dretke*, 395 F.3d 216, 219, n.1 (5th Cir. 2004)).

Cooper now seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge his continued confinement. Cooper notes that he was released onto mandatory supervision again on June 9, 2009, subject to the Super Intensive Supervision Program of parole codified at § 508.317 of the Texas Government Code. Cooper's parole was revoked on an unspecified date. Cooper remains incarcerated in TDCJ.

In the pending petition and supporting memorandum, Cooper contends that he is entitled to relief because the State of Texas has breached the plea bargain agreement that he entered into in 1982. In particular, Cooper complains that his 1982 guilty plea is invalid because he was not "made aware of an array of futuristic enhancement statutes that would be applied" to his release on parole. For example, Cooper notes that he was not made aware that he might some day face civil commitment as a sexually violent predator under the Texas Health and Safety Code. Cooper complains further that he was never told that his release on parole would be governed by the Super Intensive Supervision Program, codified at § 508.317 of the Texas Government Code, instead of parole conditions that were in place at the time of the offense in former Article 42.12 of the Texas Code of Criminal Procedure. Cooper also complains that he was not made aware that he could be required to comply with electronic monitoring or that he might be required to carry a G.P.S. device. In addition, Cooper contends that he was not advised, prior to entering his guilty plea, that he would be forced to attend and pay for sex offender therapy. Arguing that "Texas did not keep it's plea bargain" with him, Cooper insists that he is entitled to a writ of habeas corpus to procure his

immediate release. The Court concludes, nevertheless, that the petition must be dismissed for reasons set forth briefly below.

## II. DISCUSSION

This is not Cooper's first request for federal habeas corpus review of the restrictive conditions imposed upon his early release from prison. As noted above, Cooper filed a previous habeas petition in which he complained that his parole was revoked without due process and that he was required to comply with restrictive conditions of supervised release for sex offenders, which were imposed retroactively. The district court denied those claims on the merits. *See Cooper v. Cockrell*, Civil No. H-01-1417 (S.D. Tex. March 9, 2002).

Several of Cooper's allegations concerning the restrictive conditions of parole were presented in his prior federal petition or could have been presented previously.[2] To the extent that Cooper now claims he was unaware when he entered his guilty plea that "futuristic" parole statutes could apply to him, this claim was also available and could have been raised previously. Therefore, the pending petition appears to qualify for dismissal as an unauthorized successive writ. 28 U.S.C. § 2244(b); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). To the extent that Cooper attempts to challenge his 1982 guilty plea and conditions of supervised release that were imposed on June 9, 2009, his claims also appear

---

[2] Court records show that Cooper has filed at least one other habeas proceeding to challenge the conditions imposed on his supervised release. *See Cooper v. Texas Pardons & Paroles,* Civil No. 1:02-0240 (W.D. Tex. Oct. 4, 2002); *Cooper v. Director*, Civil No. 9:02-318 (E.D. Tex. April 8, 2003).

untimely and therefore barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

More importantly, however, the petition is subject to dismissal because Cooper fails to articulate a valid claim for habeas corpus relief. Cooper reports that his claims were raised and rejected on state habeas corpus review. To the extent that Cooper's claims were adjudicated on the merits in state court, he makes no effort to meet his burden to show that the state court's decision to deny relief was contrary to, or involved an unreasonable application of, clearly established law. *See* 28 U.S.C. § 2254(d). Although Cooper attempts to cast his primary claim as a breach of his 1982 plea agreement, his central argument is that the State of Texas retroactively imposed restrictive conditions of supervised release for sex offenders in violation of the Ex Post Facto Clause. This claim is without merit.

Article I, Section 10 of the United States Constitution provides that no state shall pass an ex post facto law, meaning that states are prohibited from enacting any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Weaver v. Graham*, 450 U.S. 24, 28 (1981). To constitute a violation of the Ex Post Facto Clause, a law "must be both retroactive and to a prisoner's detriment." *Hallmark v. Johnson*, 118 F.3d 1073, 1077-78 (5th Cir. 1997). A law is retroactive if it applies to events occurring before its enactment. *Lynce v. Mathis*, 519 U.S. 433, 441 (1997). A law is to the prisoner's detriment if it creates a "sufficient risk of increasing the punishment attached to the defendant's crimes." *McCall v. Dretke*, 390 F.3d 358, 363 (5th Cir. 2004) (citations and quotation omitted). Where a statute

applies retroactively, the existence of an ex post facto violation depends on whether the statute constitutes additional criminal punishment for the crimes previously committed. *Kansas v. Hendricks*, 521 U.S. 346, 371 (1997).

The Fifth Circuit has repeatedly rejected claims by Texas prisoners who object to changes in parole laws which add conditions such as electronic monitoring, urinalysis, and curfew restrictions, finding no ex post facto violation, because these conditions do not increase an offender's punishment. *See Cruz v. Texas Parole Div.*, 87 F. App'x 346, 2006 WL 190251 (5th Cir. 2004); *Herron v. Cockrell*, 78 F. App'x 429, 2003 WL 22409501 (5th Cir. 2003); *Vineyard v. Keesee*, 70 F.3d 1266, 1995 WL 696732 (5th Cir. 1995) (unpublished). The Supreme Court has also rejected arguments concerning the restrictive conditions of supervised release imposed on sex offenders, holding that sex-offender conditions of parole or mandatory supervision do not violate the Ex Post Facto Clause. *See Smith v. Doe*, 538 U.S. 84, 103-04 (2003). As the Fifth Circuit has explained, the restrictions typically imposed in Texas do not violate the Ex Post Facto Clause because the sex-offender conditions of parole are not intended to be punitive and serve important non-punitive goals. *Rieck v. Cockrell*, 321 F.3d 487, 488 (5th Cir. 2003) (upholding the requirement that a parolee participate in a sex offender counseling program); *see also Creekmore v. Attorney General of Texas*, 341 F. Supp.2d 648, 662-63 (E.D. Tex. 2004) (holding the Texas sex offender statute is non-punitive and does not pose an ex post facto violation); *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002) (explaining that the state sex offender registration statute poses no ex post facto violation because there is no evidence of punitive

6

intent in the legislative history). Thus, Cooper has failed to establish an ex post facto violation. For this additional reason, the petition is subject to dismissal.

## III. CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the

7

petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, the Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct or whether the petitioner stated a valid claim. Likewise, the Court concludes that jurists of reason would not debate whether the petitioner has made the requisite showing of the denial of a constitutional right or that reasonable jurists would find the assessment of the constitutional claims "debatable or wrong." Therefore, a certificate of appealability will not issue.

## IV.   CONCLUSION

The federal courts are authorized to dismiss habeas corpus petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because the claims raised by the petitioner are clearly without merit, the petition lacks an arguable basis in law and is subject to dismissal for that reason. *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1.  The federal habeas corpus petition is **DENIED** and this case is **DISMISSED** for lack of jurisdiction as an unauthorized successive writ. Alternatively, the

       petition is **DISMISSED** with prejudice as untimely and for failure to state a valid claim.

2.     A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED in Houston, Texas, on <u>March 30</u>, 2011.

                                      */s/ Nancy F. Atlas*

                                      Nancy F. Atlas
                                  United States District Judge